# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-417V
Filed: June 13, 2017

```
* * * * * * * * * * * * * *
LAURA FRIEDEL,                    *       UNPUBLISHED
                                 *
              Petitioner,        *
v.                               *       Decision on Attorneys' Fees and Costs;
                                 *       Reasonable Hourly Rates and Time
SECRETARY OF HEALTH              *       Expended.
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * *
```

*Edward M. Kraus, Esq.*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Sarah C. Duncan, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 1, 2016, 2014, Laura Friedel ("Ms. Friedel," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from trigeminal neuralgia as the result of receiving an influenza ("flu") vaccination on October 2, 2013. *See* Petition ("Pet."), ECF No. 1. On April 19, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. *See* Decision, ECF No. 24.

On April 25, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 28. Petitioner requests attorneys' fees in the amount of $34,168.90 and costs in

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the amount of $1,201.42, for a total amount of $35,370.32. *Id*. at 1. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. *Id*.

On May 12, 2017, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 29. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id*.; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Special Masters have wide discretion in determining the reasonableness of attorneys' fees and costs. *See Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012); *see also Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1519 (Fed. Cir. 1993) (explaining that Special Masters are entitled to use their prior experience in reviewing attorneys' fees applications).

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, the Court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The Court may then make an upward or downward departure from the initial calculation based on other specific findings. *Id*. at 1348. Special Masters may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special Masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" include "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.

## II. Discussion

**A.      Reasonable Hourly Rates and Time Expended**

The requested hourly forum rates[3] are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his staff.  *See e.g., O'Connor v. Sec'y of Health & Human Servs.*, No. 16-846V, 2017 WL 2303172, at *1 (Fed. Cl. Apr. 27, 2017); *Jackson v. Sec'y of Health & Human Servs.*, No. 14-1217V, 2017 WL 2243092, at *3 (Fed. Cl. Apr. 26, 2017); *see also McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *3 (Fed. Cl. Sept. 1, 2015) (providing a framework for consideration of forum rates for work performed in the Vaccine Program).  Therefore, the undersigned finds the requested rates to be reasonable.

**B.      Reasonable Costs**

Petitioner requests a total of $1,201.42 in attorneys' costs.  Motion for Fees, ECF No. 28.  The requested costs consist of obtaining medical records and shipping costs.  The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, **the undersigned awards the total of $35,370.32,**[4] representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Edward Kraus, Esq.  The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/node/2914 (last accessed June 13, 2017).

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.